IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **MAMTEK US, INC.,** | ) | Case No. 11-22092-7 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| **BRUCE E. STRAUSS, TRUSTEE,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Adversary No. 12-2009 |
| | ) | |
| **BRUCE COLE and NANETTE COLE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# REPORT AND RECOMMENDATION TO THE DISTRICT COURT ON MOTION TO WITHDRAW THE REFERENCE

This matter comes before the Court on the Motion for Withdrawal of the Reference Pursuant to 28 USC §157(d) (the "Withdrawal Motion") filed by Bruce Cole and Nanette Cole. The Motion has been fully briefed. For the following reasons, the Court recommends that the Withdrawal Motion be denied. First, the Bankruptcy Court has subject matter jurisdiction over the dispute involving the Coles since the outcome most certainly affects the administration of the bankruptcy estate. Secondly, the Coles have consented to the Bankruptcy Court's exercise of jurisdiction. Third, the Coles have failed to meet their burden of proving that their Withdrawal Motion is timely, and that cause exists to grant it. Additionally, no jury demand is pending because the Coles' request was untimely, and therefore, denied by the Bankruptcy Court. Finally, judicial economy is best served by leaving the matter in the Bankruptcy Court given the Court's familiarity with the complex facts and issues, and the need to interpret its own orders.

1

**Factual and Procedural Background**

Bruce Cole was the president and CEO of Mamtek U.S., Inc. (the "Debtor"), and Nanette Cole is his wife. On December 15, 2011, several creditors filed an involuntary petition under Chapter 7 against Mamtek. Bruce Strauss was appointed Trustee of the Debtor's bankruptcy estate.

In May 2012, the Trustee filed an adversary proceeding against the Coles in which he sought, among other things, avoidance of fraudulent and preferential transfers. The Trustee also moved for a temporary restraining order and injunctive relief to prevent the Coles from disposing of the proceeds from the sale of their residence in Beverly Hills, California (the "Proceeds").

With the Coles' consent, this Court entered a TRO on June 15, 2012, which provided in part that the Proceeds were to be paid to a California escrow company pending further order of the Court. On June 18, 2012, this Court entered another order, stipulated to by the Trustee and the Coles (the "Stipulated Order"). It provided, in relevant part, that the June 15 order would "remain in force and effect until final judgment is entered in this adversary proceeding" and that the escrow agent would retain the Proceeds "until final judgment is entered in this adversary proceeding, at which time the Court shall enter an order directing the disposition of such proceeds."

In August, 2013, this Court granted the Trustee summary judgment on Counts I and II of his Complaint concerning fraudulent and preferential transfers. The Coles appealed. Treating the Bankruptcy Court's summary judgment order as proposed findings of fact and conclusions of law, the District Court entered judgment against both of the Coles on Count I (an avoidance of a $904,167 fraudulent transfer), and against Bruce Cole on Count III (an avoidance of a $360,000 preferential transfer). The Eighth Circuit Court of Appeals affirmed the judgment.

In February of 2016, the Trustee filed a motion in the Bankruptcy Court to dismiss the remaining counts in the adversary proceeding; the motion was granted. The Coles subsequently filed motions to alter, amend or clarify the process by which they could seek an order directing the disbursement of the Proceeds to pay certain taxes. This Court denied the Coles' motions, and the Coles appealed to the District Court. Applying a *de novo* standard of review, the District Court affirmed (the "Adversary Proceeding Order").

The Trustee, as judgment creditor, served the Coles with written discovery in aid of execution. Thus began a flurry of pleadings, accusations and disputes. The District Court ultimately entered a show cause order directing the parties to address whether it had subject matter jurisdiction to resolve the discovery dispute.

In January, 2017, the District Court entered an order concluding that the discovery dispute was "related to" the bankruptcy proceeding within the meaning of 28 U.S.C. §157(a) (the "Discovery Order"). The Court reasoned that the outcome of the dispute could conceivably impact the administration of the Debtor's estate. As a result, Judge Laughrey referred the dispute to the Bankruptcy Court.

Soon afterwards, the Coles filed a motion in this Court seeking a ruling that they were entitled to a homestead exemption of $175,000 in the proceeds from the sale of their residence, and directing the Trustee to pay them that amount. They filed a jury demand months later which was denied by this Court because it was untimely.

In their Withdrawal Motion, the Coles seek the withdrawal of the reference for the entire adversary proceeding, or alternatively, for two state law claims: 1) confirmation of the Coles' California homestead exemption and disbursal of the Proceeds to them, and 2) payment of

federal and state taxes from the Proceeds pursuant to the Stipulated Order. The Trustee has opposed the Withdrawal Motion.

In this Report, the Court will not address the Coles' request to withdraw the reference for the entire adversary proceeding because, as noted above, all counts have either been adjudicated or dismissed. The Court will focus its recommendation on the Coles' request to withdraw the reference with respect to the disputes surrounding their homestead exemption and disbursement of the Proceeds.

**Discussion**

United States district courts have original jurisdiction over all "cases under title 11" and related proceedings. 28 U.S.C. §§1334(a), (b). Pursuant to 28 U.S.C. §157(a), each district court may provide that any or all cases under title 11 and any proceedings "arising under" or "arising in" or "related to" a case under title 11 shall be referred to the bankruptcy judges for the district. In the Western District of Missouri, all bankruptcy cases and related proceedings are automatically referred to the bankruptcy court by standing order. Section 157(d) provides that "[t]he District Court may withdraw, in whole or in part, in a case or proceeding referred under this section on its own motion or on timely motion of any party, for cause shown." The burden of proof is on the movant. *In re H&W Motors Express Co.*, 343 B.R. 208, 213 (N.D. Iowa 2006).

The statute is silent as to what constitutes "cause." However, courts have considered several factors in making the determination, including 1) whether the claims are core or non-core, 2) judicial economy, 3) prevention of forum shopping, 4) promoting uniform administration of the Bankruptcy Code, and 5) the presence of a jury demand. *In re Orion*

4

*Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993).  In this case, the factors weigh heavily against withdrawing the reference.

Core or non-core claims

Bankruptcy judges are authorized to hear and determine all bankruptcy cases and "all core proceedings arising under title 11."  28 U.S.C. §157(b)(1).  The term "core proceedings" is statutorily defined, and includes matters concerning the administration of the estate.  28 U.S.C. §157(b)(2)(A) – (P).  Conversely, bankruptcy judges may only hear, and not finally determine, a non-core proceeding that is otherwise "related to" a case under title 11.  28 U.S.C. §157(c)(1).  In those cases, the bankruptcy courts submit proposed findings of fact and conclusion of law to the district court for *de novo* review.  *Id.  See also Exec. Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2170 (2015).  Additionally, parties may voluntarily consent to a bankruptcy court's final adjudication of a claim which is neither statutorily nor constitutionally core.  *Wellness Int'l Network, Ltd. V. Sharif*, 135 S. Ct. 1932, 1944 (2015).  Such consent need not be expressly given.  *Id.* at 1944-48.

The Coles contend that cause exists for withdrawal of the reference because the claim regarding their homestead is non-core, based purely on state law.  They assert further that this matter requires no bankruptcy expertise, that the property is not part of the bankruptcy estate and does not affect the administration of the bankruptcy case.   Lastly, they argue that the right to a jury trial is a non-core matter and giving the parties that opportunity in district court weighs heavily in favor of withdrawing the reference.

While Congress did not delineate the scope of related to jurisdiction, its choice of words suggests a grant of some breadth.  *Celotex Corp. v. Edwards*, 514 U.S. 300, 307-08 (1995).  The Eighth Circuit has adopted what is known as the *Pacor* test:  a matter is considered "related to" a

5

bankruptcy case if it could "conceivably have an effect on the estate being administered in bankruptcy." *See Specialty Mills v. Citizens State Bank*, 51 F. 3d 770, 773 (8th Cir. 1995)(citing *Pacor, Inc. v. Higgins*, 743 F. 2d 984, 994 (3rd Cir. 1984)); *In re Dogpatch U.S.A., Inc.*, 810 F.2d 782, 786 (8th Cir. 1987)(citing *Pacor*). In the District Court's Discovery Order, Judge Laughrey concluded that the disputes of the parties in this case were "related to" the underlying bankruptcy, articulating the test applied in the Eighth Circuit:

> Here, the discovery dispute concerns locating assets in aid of execution on a judgment on behalf of a judgment creditor. Given the breadth of a bankruptcy court's 'related to' jurisdiction, this Court concludes the disputes of the parties here are 'related to' the underlying bankruptcy. The outcome of the dispute could conceivably alter the debtors' rights, liabilities, options, or freedom of action, or in some way impact the handling and administration of the bankruptcy estate.

Case 2:13-cv-04200, Doc. 63, p. 6. Although this ruling was related to a discovery dispute, its reasoning applies, even more so, to the dispute over the homestead exemption and the Proceeds. The amount and ultimate disbursement of the Proceeds will directly affect the distribution made to creditors of the Debtor's estate.

Furthermore, as the District Court concluded in its Adversary Proceeding Order, the Coles knowingly and voluntarily consented to the Bankruptcy Court's exercise of jurisdiction within the meaning of *Wellness*. The Coles consented in June 2012 to the Bankruptcy Court's entry of a temporary restraining order and preliminary injunction regarding the transfer of the Proceeds. The Coles continued to appear before the Bankruptcy Court to litigate how the Proceeds would be handled. The Coles failed to object to the Bankruptcy Court's jurisdiction when the Trustee moved to dismiss the remaining counts of the adversary complaint. The Coles were parties to the Bankruptcy Court's Stipulated Order which expressly provided that the Court would direct the disposition of the Proceeds once judgment was entered in the adversary

proceeding.  And the pièce de résistance is that it was the Coles who filed a motion in the Bankruptcy Court specifically asking this Court to determine whether they are entitled to a homestead exemption in the Proceeds.  As the Trustee noted, there can be no clearer evidence of their consent to the Bankruptcy Court's exercise of jurisdiction.

Even if it was determined that the claims were not "related to" a case under title 11 and the Coles had not consented to the Bankruptcy Court's jurisdiction, the Bankruptcy Court could nonetheless issue findings of fact and conclusions of law for the District Court's consideration. In that situation, withdrawal of the reference is still not mandatory, but rather left to the District Court's discretion.  *See* 28 U.S.C. §157(d).

Jury Demand

In general, the existence of a right to a jury trial will be sufficient cause for the district court to withdraw the reference. *Field v. Wells Fargo Bank*, 2012 WL 6651886 (D. Haw. Dec. 20, 2012).   Local Rule 9015-1.B. for the Bankruptcy Court in the Western District of Missouri requires the party demanding a jury trial to do so within 14 days  after service of the last pleading directed to such issue.  Failure to file a timely demand constitutes a waiver of trial by jury.  Local Rule 9015-1.C.   In this case, the last pleading directed to the issues was a reply filed by the Coles on March 23, 2017.  Therefore, their jury demand  would have had to be filed no later than April 15, 2017, to be timely and in compliance with applicable rules.  Since the Coles' demand was made on September 18, 2017, their right to a jury trial was waived because it was untimely. The Bankruptcy Court entered an order denying the Coles' demand for this reason on September 28, 2017.  Thus, this factor does not support the Coles' case for withdrawal of the reference.

Remaining factors

7

Both judicial economy and the uniform administration of the Bankruptcy Code would be served by leaving this matter in the Bankruptcy Court. A bankruptcy court has jurisdiction to interpret and enforce its own orders, and is typically in the best position to do so. *See Travelers Indemnity v. Bailey*, 537 U.S. 137, 151 (2009). The District Court so held in its Adversary Proceeding Order.

The Bankruptcy Court has expertise in evaluating exemption claims and is well-versed in the long procedural and factual history of this case. In addition, the resolution of the competing claims over the Proceeds involves, in part, the interpretation of this Court's own orders. Finally, as the Trustee points out, judicial economy would not be served by simultaneously requiring discovery to be conducted in the bankruptcy case and substantive matters in the District Court.

With respect to forum-shopping, it is clear that the Coles are engaging in just that. This is not the first time they have filed a pleading in Bankruptcy Court only to turn around and challenge the Court's jurisdiction. In this instance, the Coles explicitly asked the Bankruptcy Court to make a determination regarding their homestead exemption, and months later, asserted in a jury demand that they "refuse to have the Bankruptcy Court conduct a jury trial in this matter and demand that this matter be adjudicated by an Article III Judge."

All of these factors weigh in favor of leaving this proceeding in the Bankruptcy Court.

Timeliness

Section 157(d) does not set a deadline for filing a motion for withdrawal of the reference, yet courts generally find that a party must so move shortly after it becomes aware of the basis for withdrawal. *See, e.g., In re Global Energies, LLC*, 2011 WL 2610209, *3 (S.D. Fla. July 1, 2011). Simply put, a motion is timely "if it was made as promptly as possible in light of the developments in the bankruptcy proceeding" or "at the first reasonable opportunity." *In re H&W*

*Motors Express Co*., at 213. The moving party has the burden to prove that the motion was timely. *Id.*

Courts have issued varying rulings regarding timeliness, but several have found that a delay of five or more months is too long. *See, e.g., In re Stavriotis*, 111 B.R. 154, 157 (N.D. Ill. 1990)(five months); *Laine v. Gross*, 128 B.R. 588, 588-89 (D. Me. 1991)(six months); *In re GTS 900 F, LLC*, 2010 WL 4878839 (C.D. Cal. Nov. 23, 2010)(nearly one year). Regardless of the delay, if the motion for withdrawal of reference comes shortly before a trial or hearing, courts are unlikely to grant the motion. *See, e.g., In re Fresh Approach, Inc.,* 51 B.R. 412 (Bankr. N.D. Tex. 1985)(motion untimely when filed two weeks after pretrial).

In this Court's view, the Withdrawal Motion is not timely. The Coles filed the motion to confirm their homestead exemption and transfer the sale proceeds to them on January 31, 2017. A status conference was held in May, 2017, and the trial was set for October 5, 2017.[1] The Coles filed their Withdrawal Motion on October 2, 2017 – over eight months after filing their original motion, and just three days before the date set for the hearing. The Coles have been active participants throughout the adversary proceeding, and had ample opportunities to move for withdrawal of the reference before now. Given the unreasonable delay and lack of justification for it by the Coles, and the timing of the Withdrawal Motion so soon before trial, there are solid grounds for concluding that the motion was not timely filed.

## Conclusion

As a threshold matter, the Coles' Withdrawal Motion is arguably not timely. Even if it is deemed to be timely-filed, however, the Coles have not met their burden of proving that cause exists to withdraw the reference. Considering the factors typically evaluated in the context of

---

[1] The Coles filed a motion for continuance on September 25, 2017, offering a number of justifications for postponement. This Court concluded that all but one lacked merit, so a limited postponement was granted. A new trial date will be set in the near future.

9

such a motion, this Court is of the opinion that this matter is appropriate for the Bankruptcy Court's determination, and that the Coles have consented to the Bankruptcy Court's jurisdiction numerous times. The Trustee agrees. The Court therefore respectfully requests that the District Court adopt this Report and Recommendation and enter an Order denying the Coles' Withdrawal Motion.

Dated:  November 2, 2017                              /s/ Dennis R. Dow
                                                     Honorable Dennis R. Dow
                                                     United States Bankruptcy Judge