IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| BRUCE STRAUSS, TRUSTEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:17-cv-00836-NKL |
| | ) |
| BRUCE COLE, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This case is before the Court on Defendants Bruce Cole and Nanette Cole's Motion for Withdrawal of the Reference Pursuant to 28 U.S.C. § 157(d). Doc. 1. The United States Bankruptcy Judge has filed a Report and Recommendation, Doc. 6, which the Coles move to strike, Doc. 9, and to which they have also filed objections, Doc. 10.

The underlying case at issue is an adversary proceeding filed by the Trustee in May 2012 in the U.S. Bankruptcy Court for the Western District of Missouri, *Strauss v. Cole,* no. 12-02009-drd, against the Coles. In that case, the Trustee sought among other things to avoid fraudulent and preferential transfers, and now seeks to apply the proceeds of the sale of the Coles' California residence to the judgment that the Trustee obtained.

The Coles ask for withdrawal of the reference of their claim to a homestead exemption in the proceeds of the sale of their residence, and for which they have demanded a jury trial, and withdrawal of their claim that they are entitled to have their Federal and State tax liabilities paid from the proceeds of the sale. They ask in the alternative for withdrawal of the reference of the entire proceeding. The United States Bankruptcy Judge, the Hon. Dennis Dow, has recommended denying the motion for withdrawal, and the Trustee objects to withdrawal.

For the reasons discussed below, the Motion for Withdrawal of the Reference, Doc. 1, is denied. The Motion to Strike, Doc. 10, the Report and Recommendation is denied. The Court has reviewed the Report and Recommendation *de novo* and adopts it, consistent with the discussion herein.

**I.     Background**

In June 2012, with the Coles' and the Trustee's consent, the Bankruptcy Court entered two orders in the adversary proceeding. Specifically, on June 15, 2012 the Bankruptcy Court entered a temporary restraining order which provided that the proceeds of the sale of the Coles' California residence were to be paid to a California escrow company pending further order of the Bankruptcy Court. On June 18, 2012 the Bankruptcy Court entered an order providing that the June 15 order would remain in effect until final judgment was entered in the adversary proceeding, and that the escrow agent would retain the proceeds until entry of final judgment, at which time the Bankruptcy Court would enter an order directing the disposition of the proceeds. *See* Doc. 3-1 (Stipulated Order of 6/18/2012).

The Trustee was subsequently granted summary judgment on his claims for fraudulent and preferential transfer. *See Strauss v. Cole*, 608 F. App'x 438 (8th Cir. 2015) (affirming summary judgment in favor of the Trustee). In February 2016, the Bankruptcy Court granted the Trustee's motion to voluntarily dismiss the remaining counts in the adversary proceeding.

The Coles then filed motions to alter or amend the order of dismissal, or clarify the process by which they could seek an order directing the disbursement of the proceeds of the sale of their California residence to pay state and federal taxes, which the Bankruptcy Court denied. The Bankruptcy Court ordered the Coles to file a motion containing all supporting factual and legal bases for their argument that the taxes should be paid from the proceeds. *See Strauss v.*

*Cole*, W.D. Mo. Bankr., case no. 12-2009-DRD (Doc. 239). The Coles did not file such a motion. They instead appealed the dismissal order and other orders to this Court, which this Court affirmed. *See Strauss v. Cole,* U.S. District Court, W.D. Mo., case no. 2:16-cv-04143-NKL. The Coles appealed to the Eighth Circuit and that appeal is pending. *See Strauss v. Cole,* Eighth Circuit Court of Appeals, case no. 17-3126.

On January 31, 2017, Bruce Cole filed a motion in the Bankruptcy Court requesting a ruling that he was entitled to a homestead exemption of $175,000 in the proceeds from the sale of the residence, and directing the Trustee to pay that amount. Doc. 3-2. He asked the Bankruptcy Court to grant the motion based upon the argument and law cited, and he requested a hearing. Nanette Cole joined the motion on February 17, 2017. Doc. 3-3. The Coles filed reply suggestions in support of their motion in March 2017. The Bankruptcy Court entered an order setting a telephonic hearing for May 8, 2017 and directing the parties to be prepared to discuss evidentiary, legal, and procedural issues. On April 24, 2017, the Coles filed a motion for a continuance. The Bankruptcy Court subsequently held the telephonic hearing on May 15, 2017. After the hearing, the Bankruptcy Court ordered the parties to file stipulations of fact no later than June 14, 2017. On June 14, 2017, Bruce Cole moved for an extension of the deadline for filing stipulations. On July 13, 2017, the Bankruptcy Court set an October 5, 2017 bench trial on the claim for a homestead exemption. On August 16, 2017, Bruce Cole filed a motion requesting the issuance of blank subpoenas duces tecum. At no time from January through August 2017 did the Coles demand a jury trial on their claim for a homestead exemption in the proceeds, whether in any of their filings in the Bankruptcy Court, or during the telephonic May 2017 hearing.

On September 13, 2017, Bruce Cole filed a demand for a jury trial on the homestead exemption claim. Doc. 7-1. The Bankruptcy Court denied the demand on September 28, 2017,

3

holding that it was untimely and a jury trial had been waived. *See Strauss v. Cole*, W.D. Mo. Bankr., case no. 12-2009-DRD (Doc. 394) (citing Fed. R. Civ. P. 38, Fed. R. Bankr. P. 9015, and W.D. Local Rule of Bankr. P. 9015-1.C). Cole also filed a motion requesting a continuance of the October 5, 2017 bench trial, Doc. 7, pp. 12-16, which the Bankruptcy Court granted.

The Bankruptcy Court's Report and Recommendation focused on the Coles' request to withdraw the reference with respect to the disputes surrounding their claim to a homestead exemption and disbursement of the proceeds to pay their taxes. Doc. 6, p. 4. The Bankruptcy Court stated that issues concerning the disposition of the proceeds of the sale of the residence are non-core issues, related to the bankruptcy proceedings, in that disposition of the proceeds will affect the distribution made to the Debtor's estate, and that the Coles had consented to its jurisdiction over the disposition of the proceeds. *Id.*, pp. 5-6. It further stated that the Coles had waived their request for a jury trial by failing to timely demand one; it would be inefficient to withdraw the reference; the motion constituted forum shopping; and the motion was generally untimely. *Id.*, pp. 6-9.

The Coles argue that their claim to a homestead exemption is a non-core, state law matter and that the reference should be withdrawn because they have timely demanded a jury trial on the exemption and do not consent to a jury trial in the Bankruptcy Court. They further argue that the issue of payment of the taxes is a non-core matter and the issue should be decided together with the homestead exemption. Doc. 7. With respect to the Report and Recommendation, the Coles move to strike it on the basis that it "advocate[s] for the Trustee" and that 28 U.S.C. § 157(d) does not explicitly refer to reports and recommendations. Doc. 9. The Coles also filed written objections to the Report and Recommendation on the same bases stated in their motion to withdraw the reference. Doc. 10.

## II. Discussion

### A. Standards for withdrawal of the reference, and review of the Bankruptcy Court's Report and Recommendation.

The Court first addresses the standard for withdrawal of the reference. Pursuant to 28 U.S.C. § 1334(a) and (b), "district courts have original jurisdiction over bankruptcy cases and related proceedings," *Wellness Int'l Network, Ltd. v. Sharif,* ––– U.S. –––, 135 S.Ct. 1932, 1939 (2015), but "may provide that any or all" of such cases "be referred to the bankruptcy judges for the district," 28 U.S.C. § 157(a). In the Western District of Missouri, all bankruptcy proceedings and related cases are automatically referred to the bankruptcy court by standing order.

A "'district court may withdraw' a reference to the bankruptcy court ... 'on timely motion of any party, for cause shown.'" *Wellness Int'l,* 135 S.Ct. at 1939 (quoting 28 U.S.C. § 157(d)). The party seeking withdrawal bears the burden of demonstrating timeliness and cause. *In re H&W Motors Express Co.,* 343 B.R. 208, 213 (N.D. Iowa 2006); and *United States v. Kaplan,* 146 B.R. 500, 503 (D. Mass. 1992). Whether to withdraw the reference is a decision that is committed to the sound discretion of the district court, and the district court has broad discretion in making it. *See In re H & W Motor Express Co.,* 343 B.R. 208, 214 (N.D. Iowa 2006) (citing *Vreugdenhil v. Hoekstra,* 773 F.2d 213, 215 (8th Cir. 1985)).

The Court now turns to the standard for review of the Report and Recommendation. Generally, a bankruptcy court "may hear and determine" "and may enter appropriate orders and judgments" in "all core proceedings arising under" bankruptcy law "or arising in" a bankruptcy case subject to the district court's review. 28 U.S.C. § 157(b)(1). Core proceedings are identified ... [in] a nonexclusive list of 16 types of proceedings[ ][in] § 157(b)(2)," *Wellness Int'l,* 135 S.Ct. at 1940; *see also Stern v. Marshall,* 564 U.S. 462, 131 S.Ct. 2594, 2605 (2011) ("[C]ore proceedings are those that arise in a bankruptcy case or under Title 11."). "Absent

5

consent," however, the "bankruptcy court[ ] in non-core proceedings may only 'submit proposed findings of fact and conclusions of law,' which the district court[ ] review[s] *de novo*." *Wellness Int'l,* 135 S.Ct. at 1940 (quoting 28 U.S.C. § 157(c)(2)). Likewise, pursuant to *Stern*, "some claims labeled ... as 'core' may not be adjudicated by a bankruptcy court in the manner designated by § 157(b)," absent consent. *Exec. Benefits Ins. Agency v. Arkison,* ⎯⎯ U.S. ⎯⎯, 134 S.Ct. 2165, 2172 (2014). These "*Stern* claims—that is, proceedings that are defined as 'core' under § 157(b) but may not, as a constitutional matter, be adjudicated as such (at least in the absence of consent)" may instead be adjudicated as non-core claims. *Id.* at 2173.

Consequently, a bankruptcy court may fully adjudicate most core claims and, for both non-core and *Stern* claims, may submit a report and recommendation containing proposed findings of fact and conclusions of law for the district court to review *de novo*. *See In re MF Global Holdings Ltd.,* 2017 WL 4898218, at 4 (Oct. 30, 2017) (holding that bankruptcy courts cannot finally resolve non-core disputes absent knowing and voluntary consent of the parties, and in the absence of consent can only provide a report and recommendation to the district court) (citing § 157(c)(1) and *Wellness Int'l*, 135 S.Ct. at 1940)); and *In re Specialty Hosp. of Washington, LLC*, 558 B.R. 471, 471–72 (D.D.C. 2016) (directing bankruptcy court to prepare a report and recommendation on the plaintiff's motion to withdraw the reference).

Where a party files specific, written objections to the bankruptcy judge's report and recommendation, the district makes a *de novo* review upon the record. *See Leonard v. Dorsey & Whitney LLP,* 553 F.3d 609, 618-19 (8th Cir. 2009) (citing Fed. R. Bankr. P. 9033(b) and (d), and 28 U.S.C. § 636(b)(1)). The district court may accept, reject, or modify the bankruptcy judge's proposal, receive evidence, or recommit the matter to the bankruptcy judge with further instructions. Bankr. Rule 9033(d).

Here, the Coles have filed written objections to the Report and Recommendation. They take the position that the disbursement issues are non-core. The disposition of the proceeds is, at minimum, an issue "related to" administration of the bankruptcy estate, inasmuch as the disposition could "conceivably have an effect on the estate being administered in bankruptcy." *See Specialty Mills v. Citizens State Bank,* 51 F.3d 770, 773 (8th Cir. 1995) (internal citations omitted). Accordingly, this Court will treat the issues for purposes of this motion as non-core, related claims and will review the Report and Recommendation *de novo*. The Coles have demonstrated no basis for striking the Report and Recommendation.

> **A.   The request to withdraw the reference of a portion of the adversary proceeding is untimely.**

Section 157(d) requires a motion to withdraw the reference to be "timely" filed. The Bankruptcy Code does not define "timely" for purpose of § 157(d), but courts generally construe it to mean that a party seeking withdrawal of the reference must file such a motion as soon as practicable, or as promptly as possible in light of the developments in the bankruptcy proceeding. *See In re H & W Motor Express Co.,* 343 B.R. 208, 213 (N.D. Iowa 2006); and *United States v. Kaplan*, 146 B.R. 500, 503 (D. Mass. 1992) (citing *In re Baldwin–United Corp.*, 57 B.R. 751, 753–54 (S.D. Ohio 1985), and *In re Giorgio*, 50 B.R. 327, 328 (D.R.I. 1985)). Reasons for the timeliness requirement include preventing parties from "forum shopping, stalling, or otherwise engaging in obstructionist tactics[,]" *In re Commercial Fin. Servs., Inc.*, 2003 WL 22927208, at *3 (Bankr. N.D. Okla. Apr. 25, 2003) (citing *In Matter of Lissner Corp.,* 115 B.R. 604, 608–612 (N.D.Ill.1990)), and "protect[ing] the court and the parties in interest from useless costs and disarrangement of the calendar," *Laine v. Gross,* 128 B.R. 588, 589 (D. Me. 1991) (citing *In re Giorgio,* 50 B.R. 327, 328–329 (D.R.I. 1985)).

The Coles have been litigating the issue of disposition of the proceeds of the sale of their

residence since 2012 in the adversary proceeding before the Bankruptcy Court. In June 2012, they agreed, through counsel and by entry of stipulated orders, that the Bankruptcy Court would direct the disposition of the proceeds of the sale of their residence once judgment was entered in the adversary proceeding. In 2016, after the Bankruptcy Court had entered summary judgment on the fraudulent and preferential transfer counts, and dismissed the Trustee's remaining claims, the Coles filed a motion asking the Bankruptcy Court to clarify the process for seeking an order directing the disbursement of the proceeds, to pay state and federal taxes. In January 2017, the Coles filed a motion to confirm their homestead exemption and, through August 2017, filed other motions and briefs, and participated in a teleconference, for the purpose of preparing for a bench trial on the claim. They did not seek to withdraw the reference until October 2, 2017—over five years since they had first begun litigating the disposition of the proceeds before the Bankruptcy Court.

While courts have not established a bright line for what is considered the timely filing of a motion to withdraw the reference, the Coles' five-year delay is not timely. They were aware in June 2012 that disposition of the proceeds of the sale was at issue. Courts frequently hold that a several-month delay is too long. *See, e.g., Laine v. Gross,* 128 B.R. 588, 588-89 (D. Me. 1991) (six months had passed after the time from which "it was clear that grounds for withdrawal existed"); *In re. GTS 900 F, LLC,* 2010 WL 4878839, at *2 (C.D. Cal. Nov. 23, 2010) (nearly one year); *In re. Stavriotis,* 111 B.R. 154, 157 (N.D. Ill. 1990) (five months); and *In re H & W Motor Express Co.*, 343 B.R. 208, 213 (N.D. Iowa 2006) (five months).

That the Coles raised the tax issue in 2016 and the homestead issue in January 2017 in the Bankruptcy Court does not make their motion timely. The bottom line is that a motion to withdraw the reference must be filed as soon as practicable, or as promptly as possible in light of

the developments in the bankruptcy proceeding. *In re H & W Motor Express,* 343 B.R. at 213. *See also Stratton v. Vita Bella Grp. Homes, Inc.,* 2007 WL 1531860, at *2 (E.D. Cal. May 25, 2007) (holding that a party must move for withdrawal at the first reasonable opportunity it has, as evaluated within the specific factual context of the case) (citing *In re Chateaugay Corp.,* 104 B.R. 622, 624 (S.D.N.Y.1989)). The Coles agreed in 2012 that the Bankruptcy Court would determine disposition of the proceeds once final judgment was entered. It was entered in 2016. Raising the tax issue in a motion in 2016 and the homestead issue in January 2017, and waiting until October 2, 2017 to file the motion to withdraw, is not filing as soon as practicable, or as promptly as possible in light of developments in the bankruptcy proceeding.

This conclusion is consistent with the reasons underlying the timeliness requirement, including the prevention of forum shopping, and protecting the court and the parties in interest from disarrangement of the calendar. *In re Commercial Fin. Servs.,* 2003 WL 22927208, at *3, and *Laine,* 128 B.R. at 589. The Coles asked the Bankruptcy Court to make a determination regarding their homestead exemption. They later filed a motion in which they demanded a jury and refused to permit the Bankruptcy Court to adjudicate the matter. Their motion to continue the bench trial of October 5, 2017, which they filed in the Bankruptcy Court on October 2, 2017 discloses their complaints that the Bankruptcy Court "ignored [their] fully briefed motion and, sua sponte…set the matter for trial" and "issue[d] useless subpoenas"; that the Trustee has failed to identify the source of documents to which he has asked the Coles to stipulate for trial; and that the Coles are "fac[ing] a trial that appears to include open-ended issues[.]" Doc. 7, pp. 12-16. "For the Plaintiff [Trustee]," the Coles argued, "this is a dream come true because on the law, … this is a simple case and has been well briefed by the Parties. The facts and law are clearly favorable to the Defendants." *Id.,* pp. 15-16. The Coles' recent dissatisfaction with pretrial

proceedings is not a basis for delaying to seek to withdraw the reference where they have known for five years that the Bankruptcy Court would decide how to distribute the proceeds at issue. The Coles are, at minimum, forum shopping and delaying the proceedings.

Because the Coles have failed to carry their burden of demonstrating that their motion to withdraw the issues relating to disbursement of the sale proceeds is timely, the motion may be denied on this basis alone.

> **B.  Even if the motion was timely, the Coles have failed to demonstrate cause for withdrawal of the reference with respect to the issues relating to disbursement of the sale proceeds.**

A motion to withdraw must not only be timely, the movant must demonstrate cause for withdrawal. In evaluating whether cause exists, courts consider factors such as: (1) whether the claims are core or non-core; (2) judicial economy; (3) prevention of forum shopping; (4) promoting uniform administration of the bankruptcy code; and (5) the presence of a jury demand. *See, e.g., In re Orion Pictures Corp.,* 4 F.3d 1095, 1101 (2nd Cir. 1993), and *Holland America Ins. Co. v. Succession of Roy,* 777 F.2d 992, 999 (5th Cir. 1985). The Coles have not demonstrated cause for withdrawal of the disbursement issue. Even if the matter is non-core, the first factor, the second or forum-shopping factor weighs against them, as discussed above.

Furthermore, judicial economy and uniform administration of the bankruptcy code, the third and fourth factors, would not be served by withdrawal. A bankruptcy court has jurisdiction to interpret and enforce its own orders, and is typically in the best position to do so. *See Travelers Indemnity v. Bailey,* 537 U.S. 137, 151 (2009). Resolution of the claims over the proceeds at issue here will involve, at least in part, interpretation of the Bankruptcy Court's own orders. For example, the Coles dispute what they stipulated to in June 2012 and how the June 2012 orders should be interpreted. *See* Doc. 10, pp. 6-7. Furthermore, the Bankruptcy Court has

expertise in evaluating exemption claims, and is well-versed in the long procedural and factual history of this case. Judicial economy and uniform administration of the Bankruptcy Code would best be served by permitting the issues to proceed in the Bankruptcy Court.

Finally, the fifth factor, request for a jury trial, does not establish cause for withdrawal, because the Coles failed to timely request a jury trial and have therefore waived one. Federal Rule of Bankruptcy Procedure 9015(a) makes Federal Rule of Civil Procedure 38 applicable in bankruptcy cases and proceedings. Rule 38(a) preserves the right to a trial by jury as declared by the Seventh Amendment to the United States Constitution. Subparagraph (b) provides "[o]n any issue triable of right by a jury, a party may demand a jury trial by: (1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served[.]" Subparagraph (d) provides "[a] party waives a jury trial unless its demand is properly served and filed…." Local Rule 9015-1.B. for the W.D. Mo. Bankruptcy Court likewise requires the party demanding a jury trial to do so within 14 days after service of the last pleading directed to such issue. Failure to file a timely demand constitutes a waiver of trial by jury. Local Rule 9015-1.C.

Here, the last pleading directed to the issues in the Bankruptcy Court was a reply filed by the Coles on March 23, 2017. Therefore, their jury demand must have been filed no later than April 15, 2017 to be timely under the applicable rules. But the Coles' demand for a jury trial was not made until September 18, 2017 and was untimely under the rules. Therefore, they waived a jury trial.

Not only did the Coles fail to carry their burden to show timeliness of their motion for withdrawal of the reference with respect to the disbursement issues, they failed to demonstrate cause for withdrawal. Therefore, the motion to withdraw the reference with respect to those

11

issues is denied.

      **C.**    **The request to withdraw the reference of the entire adversary proceeding is untimely and the Coles have failed to show cause.**

The Coles fail to demonstrate why the entire adversary proceeding should be withdrawn at this late date. The adversary proceeding was filed five years ago, in 2012; summary judgment has been entered on the fraudulent and preferential transfer counts of the complaint and the Eighth Circuit has affirmed the judgment; the remaining counts have been dismissed at the Trustee's request; and this Court has affirmed other orders entered by the Bankruptcy Court. The case is close to completion, inasmuch as it appears that the only substantive issues remaining to be resolved are the Coles' claim to a homestead exemption and the issue of the payment of taxes from the proceeds of the sale of the residence. The Coles' request for withdrawal with respect to those two issues was discussed above. But by any measure, their motion to withdraw the entire reference is untimely. *See Nielsen v. Miller,* 125 F. App's 227, 229 (10th Cir. 2005) (holding that a motion for withdrawal filed many years after the bankruptcy proceedings were instituted—"especially when those bankruptcy proceedings are on the 'brink of closure"—was not timely). Nearly the entire case has been adjudicated or dismissed. The Coles make no argument with respect to cause for withdrawal of the entire proceeding.

Because the Coles failed to carry their burden to show timeliness of their motion to withdraw the reference of the entire adversary proceeding, or to show demonstrate cause for withdrawal, the request to withdraw the reference of the entire proceeding is denied.

**III. Conclusion**

The Coles' motion to withdraw the reference, Doc. 1, is denied. The Coles' motion to strike the Report and Recommendation, Doc. 9, is denied. The Report and Recommendation is adopted, consistent with the foregoing.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: December 29, 2017
Jefferson City, Missouri